**Aflaton R. MAYERI and Two Ninety Fifth Avenue, Inc., Plaintiffs-Appellants,**

v.

**OLD COLONY INSURANCE COMPANY, Defendant-Appellee.**

**No. 125, Docket 25650.**

United States Court of Appeals
Second Circuit.

Argued Jan. 7, 1960.

Decided Jan. 21, 1960.

Grant A. Patten, Jr., New York City (Moss, Wels & Marcus, New York City, on the brief), for plaintiffs-appellants.

Benjamin L. Tell, New York City (Solomon M. Cheser and Tell, Cheser, Werner & Breitbart, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

The controlling question on this appeal by plaintiffs from the trial court's dismissal of their complaint after trial is whether the trial judge was clearly er- roneous in his evaluation of the testimony. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. We find that the trial judge's findings were not clearly erroneous; on the contrary, there was ample support in the record for his findings. Accordingly, we affirm the judgment.

Plaintiffs brought this suit to recover under a policy of insurance for alleged theft of merchandise worth $19,788 when their store at 290 Fifth Avenue, New York City, was broken into during the night of June 14–15, 1955. Judge Edelstein, trying the case without a jury, dismissed the case at the conclusion of the testimony and later filed detailed findings of fact.

The only fact which was undisputed was that the police discovered at 2:55 A. M. on the morning of June 15 that the store had been broken into. The testimony of police officers and insurance company representatives indicated a petty theft of some cash and stamps, which were not covered by the insurance, and no taking of goods. Initially even the plaintiffs and their manager made no claim of any specific loss of merchandise. Indeed no itemization of loss was given to the insurance company until September 2, 1955, over eleven weeks after the entry, and none was ever given to the police although it was requested.

Plaintiffs claimed loss of five wooden cases of merchandise measuring 39″ x 23″ x 22″, weighing from 175 to 220 pounds each, 1,200 pounds of Persian copper, and 148 items of silver comprising 400 separate pieces. The only way all these goods could have been removed was through an opening 2½ feet square in the store window, which was under renovation, as the door had not been opened or unlocked. The court's findings to this effect are amply supported by the evidence, as are the findings that plaintiffs' inventory records did not substantiate the claim of loss. Moreover, the court's finding that the plaintiffs' witnesses gave testimony which was "contradictory, evasive and unbelievable, while the testimony and evidence of defendant's wit-

nesses were wholly credible" finds ample confirmation in the record. The proof overwhelmingly substantiated the trial judge's findings and his conclusion that no loss had been sustained as claimed in the proof of loss.

Judgment affirmed.